IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE W. NELSON,

      Petitioner,

                                    Criminal Action No.: 1:03-cr-49
v.                                   Civil Action No.: 1:13-cv-213
                                      (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.


**REPORT AND RECOMMENDATION/OPINION**

**I.    INTRODUCTION**

On September 20, 2013, Lawrence W. Nelson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "Motion"). (Civil Action No. 1:13-cv-213, ECF No. 1; Criminal Action No. 1:03-cr-49, ECF No. 522).[1] Having carefully reviewed the same, the undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing.

**II.    FACTS**

*A.    Conviction and Sentence*

On September 4, 2003, Petitioner was named with six other individuals in a twelve (12) count Indictment. (ECF No. 1). Petitioner was named in Counts One, Ten and Twelve. On July 13, 2004, following a jury trial, Petitioner was convicted of Count One, conspiracy to distribute

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 1:03-cr-49.

1

and distribution of more than 50 grams of crack cocaine and powder cocaine. (ECF No. 233). Petitioner's conviction for Count One required a mandatory minimum sentence of ten years, and a maximum sentence of life imprisonment. *See* Title 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). A sentencing hearing was conducted on April 13, 2006 (ECF No. 262), and on April 24, 2006, Judge Keeley entered a Judgment committing Petitioner to the custody of the Bureau of Prisons for 360 months to be followed by five years of supervised release. (ECF No. 267).

**B.     *First Appeal***

On April 24, 2006, counsel filed a Notice of Appeal of Petitioner's behalf. (ECF No. 269). On April 25, 2006, Petitioner filed a *pro se* Motion for Intent to Appeal. (ECF No. 270). On July 30, 2007, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the District Court's Judgment. *See United States v. Nelson*, 237 F. App'x 819, 820-21 (4th Cir. 2007). Petitioner filed a petition for writ of certiorari. The United States Supreme Court granted the petition, vacated the judgment, and remanded the case to the Fourth Circuit for further consideration in light of *Rita v. United States*, 551 U.S. 338 (2007). *See Nelson v. United States*, 552 U.S. 1163 (2008).

On remand and without further briefing, the Fourth Circuit again affirmed the sentence. In so doing, they found that the district court did not treat the Guidelines as mandatory. *See United States v. Nelson*, 276 F. App'x 331 (2008). Petitioner again filed a petition for writ of certiorari. Petitioner's second petition reiterated his argument that the district court impermissibly applied a presumption of reasonableness to his Guideline range at sentencing. The United States agreed that the Fourth Circuit erred in rejecting Petitioner's argument on remand, and the United States Supreme Court reversed the judgment of the Fourth Circuit and remanded the case for further proceedings. *See Nelson v. United States*, 555 U.S. 350 (2009). On July 7,

2009, the Fourth Circuit vacated Petitioner's sentence and remanded his case for re-sentencing in light of *Rita. See United States v. Nelson*, 226 F. App'x 359 (2009). The Fourth Circuit also affirmed Petitioner's conviction consistent with its earlier ruling. *Id.*

On November 19, 2010, a lengthy re-sentencing hearing was conducted. Petitioner was re-sentenced to a term of 144 months imprisonment, with credit for time served, followed by five years of supervised release. (ECF No. 485). Judgment was entered on December 1, 2010. (ECF No. 485). Petitioner's projected release date, via good conduct time, is October 20, 2019.[2]

**C.      Second Appeal**

On November 29, 2010, Petitioner filed a Notice of Appeal. (ECF No. 482). On September 14, 2011, by counsel, Petitioner filed Motion for Leave to Withdraw Appeal pursuant to Rule 42(b) and Local Rule 42 of the Federal Rules of Appellate Procedure. The Motion noted that the "analysis of counsel and of appellant is that the very small possibility of success in challenging sentencing issues is not worth the risk of a cross-appeal by the government…"[3] On September 14, 2011, the Motion was granted, and his appeal was dismissed. (ECF No. 516).

**D.      Federal Habeas**

In his Motion, Petitioner alleges three claims. Specifically, Petitioner alleges the following:

1. Petitioner is "actually innocent" of aggravating roles found by the jury such as manager-supervisor and possession of firearm because the circumstances were not alleged in the indictment.

---

[2] *See* www.bop.gov.
[3] Doc. 22, Appeal: 10-5210 available on PACER.

2. Petitioner is "actually innocent" of having distributed 546 grams of cocaine base because the jury did not find that he distributed said quantity as required under the Sixth Amendment.

3. Petitioner was denied substantive due process by the court's constructive amendment of the charges found by the grand jury.

(ECF No. 522).

### D. *Recommendation*

Based upon review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner's Motion is untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, the §2255 motion is untimely under subsection 1. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. *Aikens v.*

*United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct review of his conviction or sentence. First, if following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court denies certiorari or issues a decision on the merits. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

Petitioner was originally sentenced on April 13, 2006. (ECF No. 262). However, as set forth above, as the result of his appeal and Petition for Writ of Certiorari, his case was ultimately remanded to the District Court for re-sentencing. Again, as set forth above, Petitioner was re-sentenced, and his judgment was entered on December 1, 2010. (ECF No. 488). On November 29, 2010, Petitioner filed a Notice of Appeal, but Petitioner voluntarily dismissed his appeal on September 14, 2011.[4] (ECF Nos. 482, 516). Therefore, Petitioner's conviction was final on September 14, 2011, and he had one year, or until September 14, 2012, to file a timely motion to vacate. However, Petitioner did not file his Motion until September 20, 2013. (ECF No. 522), more than twelve months past his one year statute of limitations.

Petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts; therefore, subsections 2 and 4 are not applicable to this case. However, Petitioner does allege that his Motion to Vacate is timely under

---

[4] Moreover, even if ninety days were added for certiorari and Petitioner's conviction became final on December 13, 2011, Petitioner's Motion to Vacate would still be untimely.

5

§ 2255(f)(3), because it was filed within one year of the *Alleyne*[5] decision which was issued on June 17, 2013.

The undersigned finds that 28 U.S.C. § 2255(f) subsection (3) does not apply because *United States v. Alleyne* is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for a petitioner to file a § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Alleyne* held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the *Alleyne* opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. *Id.* at 2163; *see also In re Kemper*, 735 F.3d 211 (5th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Simpson v. United States,* No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (all finding that *Alleyne* does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that *Alleyne* should not be applied retroactively for the purposes of collateral attack. *See e.g., Williams v. United States,* No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); *Smith v. Holland*, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D. Ky. Sept. 3, 2013); *Smith v. Federal Bureau of Prisons,* No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, *Alleyne* expanded upon the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory **maximum** must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added).

---

[5]*Alleyne v. United States*, 133 S.Ct. 2151 (2013).

According to the Seventh Circuit, the "Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare *Alleyne* to be retroactive." *Simpson*, 2013 WL 3455876, at *1 (*citing Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519 (2004)). Because *Alleyne* is not retroactively applicable to Petitioner's collateral attack, his Motion to Vacate is untimely and subject to dismissal.

"When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f)." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *U.S. v. Sosa*, 364 F.3d 507 (4th Cir. 2004). Accordingly, Petitioner is hereby notified that his section 2255 action will be dismissed as untimely, unless he can demonstrate within the objection period described below, that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

### IV.   RECOMMENDATION

Based upon review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:13-cv-213, ECF No. 1; Criminal Action No. 1:03-cr-49, ECF No. 522) be **DENIED** and **DISMISSED** because Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United

States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner, Lawrence Nelson, by certified mail, return receipt requested.

**DATED:** June 26, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE